# Rebecca S. Miller, Exrx. of Margaret Rhein, Deceased, Appt., *v.* Henry S. Rhein, Exr. of Henry E. Rhein, Deceased.

Personalty which a testator gave his wife absolutely was during her life treated as given for life only, and by family arrangement was retained by their son, his executor, until her death, when she bequeathed her whole estate to her daughters. The son claimed the personalty under the testator's will. The court found that he had acted in good faith and had rendered valuable services to the estate. *Held*, that he was entitled to commissions, and a counsel fee.

(Argued March 1, 1887. Decided March 14, 1887.)

January Term, 1886, No. 379, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a decree of the Orphans' Court of Berks County dismissing exceptions and awarding distribution. Affirmed.

The facts are stated in Rhein v. Miller, *post,* p. 501.

The exceptions filed by Rebecca S. Miller to the adjudication were as follows:

1. The law does not warrant the executor in filing a second account in the register's office, of the same assets as are contained in his former account. Such a proceeding subjects an estate to

---

NOTE.—The will referred to in this case is construed in Rhein v. Miller, *post,* p. 501.

An executor's commissions will not be forfeited unless there be actual fraud or gross negligence. Williamson's Estate, 18 W. N. C. 138; Fross's. Appeal, 105 Pa. 258; McManus's Estate, 14 Pa. Co. Ct. 379, 3 Pa. Dist. R. 183. Where there is an honest mistake of judgment, commissions will not be forfeited. Myers's Appeal, 62 Pa. 104; Shaw's Estate, 12 W. N. C. 423; Brennan's Estate, 65 Pa. 16. This is true, though loss occur, where the course of conduct followed has been advised. Merkel's Estate, 131 Pa. 584, 18 Atl. 931.

double costs and charges, delays its settlements, and answers no legitimate or proper purpose.

The exceptant, therefore, objects to the second account as filed on account of its irregularity, and asks the court to rescind its former order, directing the filing of such second account, and set aside the same.

2. The court erred in allowing the executor $475 as commissions, he having by his original account inferentially disclaimed compensation for the settlement of the estate, which involved no particular labor or trouble, and consisted, so far as appears, of filing an inventory and account on the same day, and of the payments in said account.

3. The court erred in allowing the executor $697 for services rendered as trustee or agent for the widow of the decedent, in paying the interest due her annually.

4. The court erred in allowing the executor $300 for money paid to counsel, not for services rendered for the estate, but in defending the executor's claim to the reversion, he alleging that the estate given to the widow by the will was his, subject to the interest to the widow for life.

5. The court erred in not surcharging the executor with interest on the amount on his hands from October 1, 1883, beyond which time no interest was paid, although the fund has been and is now on interest, either in loans or in real estate, bought by him in his own name.

The court dismissed the exceptions, and confirmed the adjudication.

The assignments of error specified the action of the court in dismissing the exceptions, and in finding, in the opinion of the court adjudicating upon the second account, the following facts:

1. That the executor retained the fund, with the consent and wishes of his mother.

2. That he paid the interest to her regularly—as often as he received the same.

3. That he was for many years the mainstay of the family.

4. That it was his energy, his industry, and business capacity which created the principal part of the estate in controversy.

5. That the dispute between him and his sisters sprang from his marriage.

6. That the sisters, after the dispute between them, submitted

the will to counsel for inspection, and, having learned its import, induced their mother to make a will in their interest.

7. That the executrix, after her mother's death, caused said citation to issue, and indirectly endeavored to inquire into matters and things which could not be inquired into under the ordinary practice of law.

*H. D. Green* and *A. G. Green,* for appellant.—A trustee who uses the fund in his own business forfeits his right to commissions. Sharpe's Estate, 2 Phila. 280.

A trustee who litigates in opposition to the trust cannot be allowed commissions. Greenfield's Estate, 24 Pa. 232; Witman's Appeal, 28 Pa. 376; Landis v. Scott, 32 Pa. 495.

A trustee who has disclaimed a right to commissions will not be allowed to claim them, because his final account is excepted to. Barton's Estate, 1 Pars. Sel. Eq. Cas. 24.

*B. Y. Shearer* and *S. L. Young* for appellee.

PER CURIAM:

Although, in an opinion just filed on an appeal by the present appellee from this same decree, we have held that he put a wrong construction on the will of his father, yet he appears to have acted in good faith, and with the assent of the widow and all the heirs, for some ten years performing useful and valuable services. Such being the undoubted facts, we think it would now be inequitable and unjust to deprive him of the reasonable compensation awarded by the orphans' court.

The specifications of error are not sustained.

Decree affirmed and appeal dismissed, at the costs of the appellant.